**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAMARA N. HINDS | |
| LISA D. BLANGO | |
| SHEILA R. WILLIAMS | |
| ABIGAIL AARON | |
| LISA D. ADAMS | |
| RALPH ADJAYE | |
| LYDIA D. AFELI | |
| IFEOMA G AFUNANYA | Civil Action No. _____ |
| NAZIM AHMMAD | |
| BABATUNDE A. AJANI | (JURY TRIAL DEMANDED) |
| KAMI N. AJAYE | |
| OMAYRA ALEQUIN | |
| ANGELA O. ALEXANDER-PENA | |
| AYESHAH P. ALI | |
| NELSON L. ALVARADO | |
| KWAME O. AMPERE | |
| SALLY ARIAS-JORGE | |
| NAJMA A. ARRINGTON | |
| MARK ARTHUR | |
| SIMONE T. ASHBY-PETERS | |
| TARA M. AYALA | |
| ROSE M. BAGNAROL | |
| BARBARA J. BALL | |
| FRANCHESCA L. BARBER | |
| JOAN J. BATTLE | |
| AUREA E. BAYONA | |
| IVETTE BEAUCHAMP | |
| SOPHIA A. BELL | |
| IVETTY A. BELLO | |
| TIFFANY M. BENDON | |
| NICHOLE J. BENION | |
| DESIREE C. BENJAMIN | |
| TYEISHA BERNARD | |
| ELLISHA M. BLANDING | |
| IMMANUEL BOATENG | |
| ANDRIA N. BOBB | |
| EUDINA S. BOODIE | |
| NAKIA F. BOYD | |
| SANDRA E. BRADFORD | |
| CHARLES BRADLEY | |

STEPHANIE S. BRAGG
MICHELE BRIDGMAN
KEITH D. BRODNICK
BERNADETTE BROWN
MARDEANA N. BROWN
ORLANDO A. BROWN
TGIA K. BROWNING
JACQUELINE D. BRYANT
LINDA M. BULLOCK
DONNA BURCH
PATRIA Y. BUTLER
STACY M. BUTLER
ANIDIZ Y. CABRERA
EGLA A. CABRERA
MIGUEL CALDERON
MELISSA CAMACHO
MELODYE J. CAMPBELL
APARECIDA A. CAMPOS
CLAUDIA CAMPUSANO
KELVIN L. CANTY
NICOLE CARUTH
MILAGROS CASAS
MARISOL CASTANO
LUZ I. CASTELLANOS
CECILIA M. CASTILLO
CARMELITA CESPEDES
MARIANELA CESPEDES
NWANYIDIMMA N. CHUKWUYIORAH
SHANNA T. CLAIBORNE
KENNETH F. CLARK
PAUL CLARK
TRENISE N. CLARK
RHODA CLARK
MARIA I CLAUDIO
DANA CLAVERY
PHYLLIS A. CLEMONS
KRYSTAL N. COLCLOUGH
ANA CONCEPCION
JENNIFER J. CONTRERAS
AUSPHA O. COOMBS
BIRMANIA A. CORNIEL
SHANAY N. COTTLE
SEYMOURA T. COX

EVELYN CRESPO
NICOLE C. CROOKS
DAWN CURRY
AKILA T. DAVIS
BONNIE DAVIS
ENGELS DELEON
ANDEL DEPENA
BRENDA I. DIAZ
IRELA DIAZ
MARITZA M. DIAZ
MARIA A. DIAZ PEREZ
NATHALIE Y. DISLA
STALYN DISLA-CAMILO
TENILLE DIXON-POINSETT
GUETTY DOMINIQUE
DARNELL K. DUKES
NAKIA DUNHAM
MARIA A DURAN
AVA-MARIA DURANT
JENNIFER L. EDWARDS
CYDELL S. ELLIS
JOHANNY ESCANO
CESARINA ESPINOSA
NILSA E. ESTERAS
ALLISON P. EWEL
LUIS A. FALCON
CARMEN FALERO
YAN JING FAN
REBECCA T. FARMER
MORAKINYO A. FATIMIRO
PATIENCE FELDER
SHIRLEY A. FELTON
LUZ E. FERNANDEZ
ROSI FERNANDEZ
RUTH FERNANDEZ
KELLY J. FLORES
VICTOR K. FORBES
SHAMEKA L. FORDHAM
SONYA FORTE
DENISE FORTSON
DANA L. FULLER
DAVID GANNAWAY
GILDALINA E. GARCIA

MAIRA R. GARCIA
WANDA V. GARLAND
AFIYA S. GARY
SINIA L. GAY
JASMINA T. GEORGE
JEVAUN J. GEORGE
LATANYA M. GLOVER
NICOLE GOLDING
ELBA L. GOMEZ
CESAR R. GONZALEZ
JEANNIENE GONZALEZ
MARISOL GONZALEZ
LINDA GREAVES
MARY GREEN
YOLETTE GREEN
KEVIN L. GREENE
MICHELLE D. GRIFFIN
ADA B. GUERRA
DAISY GUZMAN
PIERRE A. HAIBL
PAMELA HALL
LATASHA HALL-STEPHEN
TISHA HARDWICK
LANCE J. HARRIS
RAYFIELD HARRIS
SHANTICE E. HARVEY
JUDY E. HASKINS
ERNESTO HAYES
ROSE A. HAYES
ILDAURA P. HELENO
MAKEDA HENDERSON
CEDRICKA A. HENDRICKS
RUTH HENRIQUEZ-REYES
HUGH T. HENRY
SWITLANA HIHLYUK
JENNIFER HILL
LORRAINE HILLMAN
CHAVOON C. HINDS
AMANDA D. HINNANT
TRAVIS L. HODGES
CONTRINA HOWARD
CELENA Y. HUCKS
LEON HUMPHREYS

RAMON INGA
KM ISLAM
CHRISTINA M. JACKSON
DAQUANA JACKSON
KARYN M. JACKSON
NICOLE R. JACKSON
NIDIA S. JACOBO
SHAKISHA M. JAMES
GERTRUDE C. JEANEPIERRE
SANDRA D. JENKINS
TIFFANY JENKINS
ALYNDA C. JOHNSON
CHARMAINE A. JOHNSON
CRAIG JOHNSON
EVA JOHNSON
KIM N. JOHNSON
DAISY JOHNSON-MCLEISH
KIERRA A. JONES
STEPHANIE L. JONES-BROWN
KHALILAH A. JORDAN
STEPINE A. JUNES
TANIA JUSTINIANO
RIFAT KABIR
LORRAINE KEARNEY
MARI KEITH
AARON L. KHALID
VICTORIA M. LANEY
RENEE M. LASSITER
RIDLEY S. LATIBEAUDIERE
YODLY LAURENT
ANDREW LAWRENCE
DANITA LAWRENCE-INCE
LAVERNE LAWSON
KALI LEE
SUZETTE T. LEE
SOPHIA C. LEMAY
LATANAS LESANE
MELISSA N. LESCOTT
JOELLA LEWIS
NATASHA LEWIS
PATRICIA C. LEWIS
ST.CLAIR D. LEWIS
SCOTT A. LINN

CENIA M. LINO
GLADYS LITTLE
ANA LOPEZ
BELKIS J. LORENZO
NICKI LOWERY
SHANEKA M. LUCKY
DORIAN A. LUDRICK
CLARA E. LUKER-CARTY
PAMELA L. LYNN
MONET E. MACK
CARRIE B. MACON
YEMISI MARTIN
CLARA M. MARTINEZ
ELIZABETH M. MARTINEZ
LOURDES MARTINEZ
EVELYN MARTORELL
GENEVA MATHIS
NATASHA C. MCADDLEY
VICTORIA T. MCCAIN
RUTH R. MCCLEAN
GLORIA MCCRAY
REGINA MCFADDEN
EMELINE M. MCFIELD
ERIKA MCLEOD
ROBYN L. MCLEOD
JODI B. MCMILLAN
DIONNE V. MCNEILL-HENRY
JASMINE LEE MEJIA
LISA MENTION
IDECHA MITCHELL
SHARON R. MITCHELL
TONYIA MOORE
LINDA MORA
MARIELY MORALES
JESSICA MORALES-CAMACHO
DAVID L. MOREIRA
SABRINA MOREL
EDWARDO MORENO
LILLIAN NAVEDO
DANIELLE NEAL
MONIQUE S. NELSON-MILLER
LINDA M. NEWELL
MELISSA NIEVES-SOTO

IDA M. NORMAN
MIRICIS E. NUNEZ
SHAKIRAH M. OGANDO
KIRA J. OLIVER
VICTORIA ORTEGA
ERICA J. ORTIZ
IRIS B. ORTIZ
JANET OWENS
EDWARD PACHECO
LIZA I. PACHECO
SHANTEL PADILLA
COLLEEN A. PALLADINO
ANTHONY PALMINI
SHANKAR K. PAUL
ZULMA E. PEREA
ANDIS PEREZ
LUCHY PEREZ
PEDRO A. PEREZ
ALTHEA T. PETTIGREW
SASKIA N. PIERRE
JOHARY PIMENTEL
CARLA PITT
LUSHANA P. QUAMINA
MARIA M. QUINONES-WYNN
DESIREE RAMIREZ-SANCHEZ
AWILDA RAMOS
GREGORY A. REARDON
TANIQUA REEL
MARCIALA REMOUNS
PROVIDENCIA REYES
SAHEDAH R. RICHARDSON
TYRONE C. RIDGES
RENEE RIJOS
DORIS RIVERA
JESSICA RIVERA
MELODY C. RIVERA
SUE RIVERA
RENITA ROBBINS
EBONY L. ROBINSON
TYWANNA L. ROBINSON
ANA M. RODRIGUEZ
SOLANGE RODRIGUEZ
ANN L. RODRIGUEZ-GARCIA

LAHEIA D. ROGERS
KATHLEEN T. ROLLOCK
FREDDY J. ROMERO JR.
ANNETTE ROSA
STEVEN P. ROSA
KUMAR B. ROY
MARISOL RUIZ
ROBERTO E. SANCHEZ
TAISHA M. SANCHEZ
ELIZABETH SANTANA
BETSY SANTIAGO
GAILMARIE SANTIAGO
KRISTY N. SANTIAGO
VALERIE SANTIAGO
DONALD SCOTT
RASHIDA SCOTT
JOHN K. SEBASTIAN
TRACEY S. SHARP
ARLENE SIMMONS
MELISSA SIMON
NEELAM K. SINGH
MICHELLE E. SMALL
TRICIA R. SMALL
BONITA A. SMITH
CHAUNDRA A. SMITH
CHRISTOPHER M. SMITH
TUSHANA O. SNYPES
MICHAEL SOBIA
LAQUASHA SPENCER
MARIE STENNETT
LORNA A. STEPHENSON
TRACYANN STEWART-BLAIR
SHAWN G. STOKES
EBONY S. STUBBS
OMAR F. SUAREZ
SILVIA SUERO
BELKIS TAMAYO
XIAOYUE TAN
CECILIA A. TAVERAS
IRIS TAVERAS
CHAQUONNA U. TAYLOR
ENRIQUE TAYLOR
LINDA TAYLOR

YENORI C. TAYLOR
REYNOLD THOMAS
ELLA M. THOMPSON
ANGELA TORRES
GRACE N. TORRES
PATRICA TORRES
BOZENA UCINSKA
INGRID M. VACA
CRYSTAL VASQUEZ
TANYA VASQUEZ
ANISSA VAUGHN
MARIA VAZQUEZ
EILEEN VELAZQUEZ
TANIKA K. VICTOR
KELLI WALTON
MARY A. WASHINGTON
VONDALE D. WASHINGTON
NICOLE WATSON
LA'SHAWN WHITE
THEODORE R. WHITE
TONIA C. WHITSTYNE
STEPHANIE L. WHYTE
APRIL W. WILLIAMS
ASIA M. WILLIAMS
DANIELLE M. WILLIAMS
DIANE WILLIAMS
JEWEL N. WILLIAMS
SHAMECCA A. WILLIAMS
WILMA U. WILLIAMS
DEBORAH WILLIS
ARLENE S. WILLOCK
MICHAEL L. WILSON
TRACEY S. WINFIELD
SHAREETA WRIGHT
TYREESE N. WRIGHT
BEAULAH B. YOUNG
LYNETTE R. YOUNG
PABLO ZAYAS,

Plaintiffs,

v.

CITY OF NEW YORK, NEW YORK,

       Defendant.

# COMPLAINT

Plaintiffs, by and through their counsel, the law firms of McGillivary Steele Elkin LLP and Spivak Lipton LLP, pursue this complaint against the City of New York ("New York City"), and state as follows:

# INTRODUCTION

1.    Plaintiffs are current and former employees of the Defendant, City of New York, in the position of Eligibility Specialist in the Human Resources Administration ("HRA"). Plaintiffs bring this action against Defendant for back pay, liquidated damages, attorneys fees and costs, and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's failure to pay Plaintiffs overtime compensation to which Plaintiffs are entitled under the FLSA. Plaintiffs are similarly situated to each other because, while employed at HRA in the position of Eligibility Specialist, they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant suffered or permitted Plaintiffs to perform uncompensated overtime work outside of their paid shifts and during their unpaid meal periods. Plaintiffs are also similarly situated to each other because, while employed at HRA, they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant fails to

properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based and fails to pay overtime compensation in a timely manner.

## PARTIES

3.     All Plaintiffs identified in the caption gave their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A. These written consent forms set forth each Plaintiff's name and address.

4.     Each of the Plaintiffs in this action while employed by Defendant has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5.     Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

8.     Plaintiffs are, and/or at all times material herein have been, employed by Defendant in the position of Eligibility Specialist ("ES").

9.      Plaintiff Tamara Hinds has worked for Defendant as an ES at 1790 Grand Concourse, Bronx, NY. Plaintiff Lisa Blango has worked for the Defendant as an ES at 505 Clermont Ave., Brooklyn, NY. Plaintiff Sheila Williams has worked for Defendant as an ES at 1790 Grand Concourse and 890 Garrison Ave., both in the Bronx. These Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated ES who work or have worked for Defendant at all times material herein.

10.     Within the last three years and continuing to date, while working in the ES position, the job duties of Plaintiffs Hinds, Blango, Williams, and all others similarly situated include but are not limited to: conducting intake interviews with New York City residents ("clients") applying for public benefits; entering applicant information into the HRA's computer systems; assessing benefits eligibility based on predetermined criteria; processing benefits applications; and providing application support and case management services to clients during the benefits application process.

11.     While working as ES, Plaintiffs and all others similarly situated regularly work 40 hours a week. Plaintiffs are regularly scheduled to work five days a week, for seven hours each day plus a one-hour, uncompensated lunch break. However, Plaintiffs also regularly work at least five hours of preapproved, compensated overtime each week, for a total of 40 or more hours of compensated time.

12.     In addition to their scheduled shifts and their preapproved, compensated overtime, Plaintiffs routinely work additional hours such that they work over 40 hours in a work week, but Defendant fails to compensate Plaintiffs and all others similarly situated for all of these hours over 40 at a rate of one and one-half times their regular rate of pay. Specifically, Defendant fails to compensate Plaintiffs and all others similarly situated for hours worked outside of their scheduled

shifts or preapproved overtime, and for work performed during their unpaid, 60-minute meal periods.

13.     Additionally, when Plaintiffs perform preapproved overtime that Defendant does compensate them for, Defendant nevertheless systematically fails to pay them for this overtime work at the correct regular rate of pay, or in a timely fashion, regularly paying them weeks late.

14.     Defendant captures the work hours of Plaintiffs, including time spent working outside of their scheduled shifts, on Defendant's timekeeping system, "CityTime," which is maintained and accessible at Plaintiffs' work locations. Time which is recorded but worked outside Plaintiffs' scheduled shifts is categorized as "uncompensated time" in the CityTime system, and Plaintiffs are not paid for that time even though, as explained below, Defendant has suffered or permitted them to perform uncompensated overtime work during that time. In addition, CityTime automatically deducts one hour each day for Plaintiffs' uncompensated meal periods, regardless of whether or not Plaintiffs work through all or part of their uncompensated meal period. Defendant also categorizes this hour as "uncompensated."

### *Defendant's Fair Labor Standards Act Violations Are Willful*

15.     CityTime tracks Plaintiffs' work time on a minute-by-minute basis. However, Defendant does not pay Plaintiffs on a minute-by-minute basis. This is because when the Defendant programmed and implemented CityTime, it chose to utilize a "pay-to-schedule" system (i.e., one that, by default, pays employees for their scheduled work hours) rather than a "pay-to-punch" system (i.e., one that, by default, pays employees for all the time between punch in and punch out).

16.     Defendant is well aware that its "pay-to-schedule" system may fail to capture Plaintiffs' actual working hours and instead register FLSA-compensable time as "uncompensated"

time. For example, in *De La Cruz v. City of New York* the trial court granted summary judgment for a collective of plaintiffs — which included Job Opportunity Specialists *also working at HRA who were subject to the same policies as the ES positions described herein* and using the same CityTime system — on FLSA claims that the City had failed to compensate them for time worked outside of their scheduled shifts and during meal times, where that time was in part recorded as "uncompensated" in CityTime. 14 Civ. 9220 (PGG), 2017 WL 11591568, at *4, *23-25 (S.D.N.Y. Sept. 30, 2017).

17.    Upon information and belief, Defendant has failed to conduct an audit or otherwise investigate any of the Plaintiffs' work minutes captured by CityTime as "uncompensated" time, including but not limited to what Plaintiffs are actually doing during their recorded, "uncompensated" out-of-shift and meal period times.

18.    Upon information and belief, since the 2017 summary judgment decision in *De La Cruz*, the City has failed to take any steps to bring HRA's pay policies and practices into compliance with the FLSA.

19.    Defendant is also well aware of its obligation to pay employees for overtime work which is suffered or permitted, even if employees do not make a request for overtime compensation for that work or if that time is not preapproved by Plaintiffs' superiors. *See, e.g.*, *Foster/De La Cruz*, 2017 WL 11591568 at *22-25 (in consolidated cases, granting summary judgment for two sets of plaintiffs — employees of the City's Administration for Children's Services and HRA, respectively — on FLSA claims that they worked uncompensated overtime of which their managers were aware, despite failure to seek preapproval or otherwise request compensation in CityTime); *Perez v. City of New York*, 12 Civ. 4914 (PAE), 2017 WL 43261052017, at *12-13 (S.D.N.Y. Sept. 27, 2017) (rejecting City's argument that it was entitled to summary judgment on

hours plaintiffs "did not properly report" in CityTime system, where "ample record evidence" demonstrated that the City nevertheless knew or had reason to know plaintiffs were working unreported overtime hours).

20.     In fact, the former New York City Corporation Counsel has admitted, under oath, that it is an employer's responsibility to ensure that employees get paid for work about which the employer is aware. *Perry v. City of New York,* Case No. 1:13-cv-1015 (S.D.N.Y.), Dkt. 281 (Trial Tr. Oct. 16, 2019) at 969 ("[I]t would be . . . the supervisor's responsibility to ensure that the employees get paid for work about which the employer is aware; correct?" "Correct."). *See also Foster*, 2017 WL 11591568 at *9 ("[T]he City's chief employment lawyer . . . concedes that where a manager observes an employee working [outside of their shift], the manager has an obligation to make sure that employee is compensated for that time, even if the employee did not obtain pre-approval[.]") (citations omitted).

21.     Upon information and belief, supervisors are aware of when Plaintiffs are working, and the nature and timing of the work, even if it happens outside of the Plaintiffs' scheduled shifts, or during a meal period due to: certain of the software programs that Plaintiffs must use to perform their job duties; supervisors share physical office space with Plaintiffs; and other factors inherent in the job duties and work environment of Plaintiffs and their supervisors, such as time stamps on emails.

22.     Upon information and belief, Defendant has not disciplined any HRA employee for performing unpaid work outside of their scheduled shifts, or for working during their meal periods.

23.     Nevertheless, at all times relevant, Defendant has failed, and continues to fail, to compensate Plaintiffs and those similarly situated for overtime work that they perform with their supervisors' knowledge, and which is recorded in the CityTime system as "uncompensated time."

Defendant has also failed, and continues to fail, to compensate Plaintiffs and those similarly situated for work Plaintiffs perform with their supervisors' knowledge during their auto-deducted meal period, which is not logged in CityTime, or later requested as overtime.

24.     Upon information and belief, Defendant has failed to seek advice from the United States Department of Labor regarding whether its pay policies and practices comply with the FLSA.

25.     Plaintiffs' timekeeping and payroll data is in Defendant's exclusive possession and is not readily available to Plaintiffs. Plaintiffs' CityTime records and payroll data are not readily available to Plaintiffs because they are "maintained across various [agency] branches, not available for download or electronic transfer, not text-searchable, not maintained for more than two years, and require[] a separate search for each pay period." *Murray, et al. v. City of New York*, No. 1:16-cv-08072-PKC, Dkt. 66 (S.D.N.Y. Oct. 18, 2017) at 3.

### ***Uncompensated Work Performed by Plaintiffs and All Others Similarly Situated***

26.     While working in ES positions, Plaintiffs and all others similarly situated routinely work over 40 hours in a week. Plaintiffs are scheduled for five shifts of eight hours in length each week, with one hour automatically deducted from each shift as an uncompensated meal period. However, because Plaintiffs regularly work at least five hours of preapproved, compensated overtime each week, Plaintiffs and all others similarly situated regularly perform a minimum of 40 hours of work per workweek.

27.     In additional to their 40 hours of regularly scheduled shifts and compensated overtime, Plaintiffs and all others similarly situated frequently work additional hours in which they perform their regular job duties, but do not receive compensation. Specifically, Plaintiffs routinely

work additional hours outside of their regularly scheduled shifts and during their unpaid meal periods, all without compensation.

28.     Plaintiffs and all others similarly situated regularly perform work outside of their scheduled shifts. Such work includes, but is not limited to, the tasks listed in Paragraph 10. Plaintiffs also perform tasks outside of their scheduled shifts that include, but are not limited to, scanning and indexing documents, running budgets through computer programs, checking for case assignments, proofreading, reviewing reports, and other work activities.

29.     Plaintiffs and all others similarly situated work during some or all of their 60-minute unpaid meal periods performing their regular job duties (those listed in Paragraphs 10 and 28) but are not compensated for this work time.

30.     Plaintiff Tamara Hinds routinely works over 40 hours in a workweek. When she does so, the City fails to compensate her for all of her time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 28 outside of her scheduled shift, and during her 60-minute unpaid meal period. Specifically, Plaintiff Hinds routinely performs between 15-20 minutes of work outside of her scheduled shift 3-4 times a week. Additionally, Plaintiff Hinds routinely works for at least 30, and as many as 60, minutes during her uncompensated meal period, approximately 3 times a week. Thus, Plaintiff Williams is regularly not compensated for at least 2 hours and 15 minutes of additional overtime work beyond her scheduled shift per week.

31.     For example, during the week of August 8 through August 13, 2021, Plaintiff Hinds worked at least 40 hours across her scheduled shift and preapproved, compensated overtime. In addition to those 40 hours of paid time, she worked approximately 1 hour and 15 minutes of unpaid overtime outside of her scheduled shift, and for approximately 30 minutes during 3 unpaid meal periods. Plaintiff Hinds therefore spent approximately 2 hours and 45 minutes of unpaid overtime

performing the work tasks and duties enumerated in Paragraphs 10 and 28, but was not compensated for that time.

32.     Plaintiff Lisa Blango routinely works over 40 hours in a workweek. When she does so, the City fails to compensate her for all of her time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 28 outside of her scheduled shift, and during her 60-minute unpaid meal period. Specifically, Plaintiff Blango routinely performs approximately 15 minutes of work outside of her scheduled shift approximately 3 times a week. Additionally, Plaintiff Blango routinely works for approximately 30 minutes during each of her uncompensated meal periods each week. Thus, Plaintiff Blango is regularly not compensated for at least 3 hours and 15 minutes of additional overtime work beyond her scheduled shift per week.

33.     For example, during the week of August 7 through August 13, 2022, Plaintiff Blango worked at least 55 hours across her scheduled shifts and preapproved, compensated overtime. In addition to those 55 hours, she worked approximately one hour of unpaid overtime outside of her scheduled shift, and for approximately 30 minutes during each of her 5 unpaid meal periods. Plaintiff Blango therefore spent approximately 3 hours and 30 minutes of unpaid overtime performing the work tasks and duties enumerated in Paragraphs 10 and 28, but was not compensated for that time.

34.     Plaintiff Sheila Williams routinely works over 40 hours in a workweek. When she does so, the City fails to compensate her for all of her time, including but not limited to time spent performing tasks enumerated in Paragraphs 10 and 28 outside of her scheduled shift, and during her 60-minute unpaid meal period. Specifically, Plaintiff Williams performs at least 30 minutes of work outside of her scheduled shift between 3 to 4 days a week. Additionally, she works between 25 and 30 minutes during her uncompensated meal period approximately 2 or 3 times a week,

performing the work tasks and duties enumerated in Paragraphs 10 and 28. Thus, Plaintiff Williams is regularly not compensated for at least 2 hours and 20 minutes of additional overtime work beyond her scheduled shift per week.

35.     For example, during the week of May 29 through June 4, 2022, Plaintiff Williams worked at least 40 hours across her regularly scheduled shift time and preapproved, compensated overtime. In addition to those 40 hours, she worked approximately 2 hours of unpaid overtime outside of her scheduled shift time, and for 25-30 minutes during approximately 2 unpaid meal periods. Plaintiff Williams therefore spent approximately 2 hours and 50 minutes of unpaid overtime performing the work tasks and duties enumerated in Paragraphs 10 and 28, but was not paid for any of that time.

36.     All ES employed by Defendant are similarly situated and routinely work more than 40 hours in a workweek but are denied proper compensation for hours worked in excess of 40 because Defendant fails to compensate ES for work that is recorded in CityTime but not preapproved outside of their scheduled shifts and meal period work. In addition to the examples set forth in Paragraphs 30-35 the amount of overtime work hours for which Plaintiffs and those similarly situated have not been paid can be identified through the Defendant's timekeeping system and through other work and pay records.

### *The Rate at Which Overtime is Paid*

37.     Plaintiffs and all others similarly situated routinely work at least 2 hours of continuous overtime in the evenings beyond their regular shift times, which causes them to work overtime after 6 pm. For example, Plaintiff Blango spent at least one evening working at least 2 hours of continuous overtime during the weeks of August 7 through August 13, 2022 and August 14 through August 20, 2022.

38.     When Plaintiffs and all others similarly situated work in the evenings beyond their regular shift times, they receive a meal allowance if they work at least 2 hours of continuous overtime. Plaintiffs are taxed on the meal allowance as income. Defendant, through its payroll system, deducts taxes from this payment. Additionally, the meal allowance is paid regardless of whether Plaintiffs purchase food with it; it is not a reimbursement for actual expenses. Defendant does not require Plaintiffs to submit receipts in order to receive their meal allowance.

39.     Additionally, Plaintiffs and all others similarly situated earn night shift differential pay of 10% of their hourly rate of pay in addition to their regular hourly rate of pay if they work between the hours of 6 pm and 8 am. However, in calculating overtime payments for Plaintiffs in weeks in which Plaintiffs worked in excess of 40 hours and receive a meal allowance and/or night shift differential, Defendant fails to include the meal allowance and/or the night shift differential in the regular rate of pay at which overtime is paid to the Plaintiffs.

40.     In *De La Cruz v. City of New York*, 14 Civ. 9220 (PGG), 2017 WL 11591568, at *32-35 (S.D.N.Y. Sept. 30, 2017) the Court found that undisputed evidence demonstrated that the City failed to include meal allowances and night shift differentials in HRA employees' regular rates of pay in violation of the FLSA.

41.     The Plaintiffs and all other similarly situated are subject to the same policies and practices at issue in *De la Cruz*. Given these policies and practices, for example, Plaintiff Blango's overtime rate did not include the meal allowance and/or night shift differential she earned when she worked the overtime described above in August 2022.

### ***Late Payment of Overtime Worked***

42.     When the City does compensate Plaintiffs for hours worked over 40 in a workweek, the City regularly delays the payment of overtime beyond the next pay period for which the

Plaintiffs are paid for their regular work hours and in compensatory time for their overtime hours. For example, Plaintiff Sheila Williams has been paid her preapproved overtime more than 35 days after the overtime was worked on multiple occasions during the last three years, despite her complaints to the HRA.

43.     The delay in payment is done either because of managerial delays in acquiring the required approvals to pay Plaintiffs for their overtime, or for other reasons that are unrelated to the City's ability to determine the amount of overtime compensation that is owed to the Plaintiffs. Defendant has violated the basic principles of the FLSA by delaying Plaintiffs' overtime payments for working in excess of 40 hours a workweek, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends.

<u>**COUNT I**</u>

**FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

44.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 43 in their entirety and restate them herein.

45.     At all times material herein, during those workweeks in which Plaintiffs, and all others similarly situated, have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to when they are performing tasks enumerated in Paragraphs 10 and 28, outside of their scheduled shifts and without compensation, all of which is recorded on Defendant's timekeeping system CityTime. Plaintiffs, and all others similarly situated, also have performed work, including but not limited to the tasks enumerated in Paragraphs 10 and 28, during their unpaid meal periods. This work outside of Plaintiffs' shifts and during their meal

periods has caused Plaintiffs to work in excess of 40 hours in a given week. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

46.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and all others similarly situated for work that they have been suffered or permitted to work outside of their official shifts, and during their uncompensated meal periods.

47.     As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA.

48.     Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

49.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

50.     Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY FOR PLAINTIFFS IN VIOLATION OF SECTION 7 OF THE FLSA

51.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 50 in their entirety and restate them herein.

52.     Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain types of additional compensation, such as a meal allowance, in Plaintiffs' regular rates of pay for purposes of computing overtime pay entitlements of Plaintiffs and of all others similarly situated, resulting in Defendant paying Plaintiffs for overtime work at a rate that is below the rate mandated by the FLSA. Defendant's failure to include all applicable forms of compensation in Plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).

53.     As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to

state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amount of Defendant's liability can be ascertained.

54.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay proper overtime compensation.

55.     Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT III**

**FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS AFTER THE OVERTIME WAS WORKED**

56.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 55 in their entirety and restate them herein.

57.     The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying for weeks, Plaintiffs' overtime payments for working in excess of 40 hours a week, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments, management withholding such payments until the next budgetary

quarter, or some other reason unrelated to Defendant's ability to calculate the amount owed to Plaintiffs.

58.     As this court recently recognized in *Accosta, et al. v. Lorelei Events Grp. Inc., et al.*, "While 'the Second Circuit has no bright line rule for determining what qualifies as an 'unreasonable' amount of time for an employer to delay paying its employees,' several courts have held that 'two weeks is an unreasonably amount of time for an employer to delay a paycheck [under the FLSA].'" No. 7:17-cv-07804 (NSR), 2022 WL 195514, at *4 (S.D.N.Y. Jan. 21, 2022) (quoting *Coley v. Vannguard Urban Improvement Ass'n, Inc.,* No. 12-CV-5565 (PKC) (RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018)). Here, Defendant's failure to pay Plaintiffs FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

59.     As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

60.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay overtime compensation as alleged herein.

61.     Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

(a)  Order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b)  Award Plaintiffs and those similarly situated monetary damages in the form of back pay for their unpaid compensation;

(b)  Award Plaintiffs and those similarly situated monetary liquidated damages equal to their unpaid compensation;

(c)  Award Plaintiffs and those similarly situated interest on their unpaid compensation;

(d)  Award Plaintiffs and those similarly situated their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e)  Grant such other relief as may be just and proper.

Date: February 3, 2023                    Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary
(pro hac vice motion forthcoming)
Diana J. Nobile (pro hac vice motion forthcoming)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855

*/s/ Hope Pordy, Esq.*
Hope Pordy, Esq.
Elizabeth Sprotzer, Esq.
Eliza Schultz, Esq.
SPIVAK LIPTON, LLP
1040 Avenue of the Americas
20th Floor
New York, NY 10018
Phone: (212) 765-2100

*Counsel for Plaintiffs*