UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TAMARA N. HINDS, et al.,                        :

                                                  Plaintiffs,                          :            23-CV-0889 (OTW)

                                      -against-                              :            **ORDER**

THE CITY OF NEW YORK,                 :

                                              Defendant.                       :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

       On February 3, 2023, Plaintiffs, 892 current and former employees of Defendant City of New York ("Defendant") in the Human Resources Administration ("HRA"),[1] filed this case alleging violations of the Fair Labor Standards Act ("FLSA"). (ECF 1). Judge Abrams referred this case to me for general pretrial management (ECF 9), and the parties consented to my jurisdiction on April 26, 2024. (ECF 68).

       The parties agreed to engage in early settlement discussions. I held a pre-settlement conference call on July 27, 2023 (ECF 40), and Judge Abrams referred the parties to mediation on August 11, 2023 (ECF 44). The parties attended three mediation sessions – on February 8, February 22, and March 15, 2024. During the March 15, 2024 mediation, the parties reached a settlement in principle. (ECF 63). On April 26, 2024, the parties filed their signed written settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020). (*See* ECF 69). Plaintiffs[2] were

---

[1] Plaintiffs were employed or are currently employed as Eligibility Specialists and Clerical Associates. (ECF 69 at 1).
[2] Plaintiffs' consent forms to become a party under the FLSA are filed on the docket at ECF Nos. 21, 25–33, 36, and 39. The FLSA requires that any person choosing to be part of the collective (1) must consent in writing and (2) file their consent on the docket: "No employee shall be a party plaintiff to any such action unless he gives his consent

informed of the settlement terms and provided with an opportunity to review the agreement.[3] Plaintiff's counsel reports a positive reaction to the settlement from Plaintiffs, no unresolved disputes regarding the settlement allocation, and one unresolved objection to the settlement agreement. *Id*. at n.1; ECF 69-3 at 2. Plaintiffs' counsel has emailed their communications with the objector, Plaintiff Gertrude Jean Pierre, to my Chambers email for *in camera* review. *Id*. at n.2; ECF 69-1 at 23, Exhibit A. Plaintiffs' counsel shall file the objection on the docket with any appropriate redactions pursuant to Fed. R. Civ. P. 5.2 **by Friday, May 10, 2024**.

The parties have further filed a joint stipulation of dismissal of 23 plaintiffs pursuant to Rule 41(a)(1)(A)(ii). (ECF 67). It is unclear why these plaintiffs have been voluntarily dismissed from this FLSA collective action. The parties are directed to file a joint letter **by Friday, May 10, 2024**, explaining why these parties have been dismissed from the suit.

The Court will hold an in-person *Cheeks* hearing in this case on **Wednesday, June 5, 2024 at 10:00 a.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007.

**SO ORDERED.**

Dated: May 3, 2024
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　/s/ Ona T. Wang
　　　　　　　　　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

in writing to become such a party and such consent is filed in the court in which such action is action." *Villar v. AHRC Home Care Servs., Inc.*, No. 18-CV-9174 (OTW), 2020 WL 4904031, at *3 (S.D.N.Y. Aug. 20, 2020) (quoting 29 U.S.C. § 216(b)).

[3] *See* ECF 69-3 ¶ 3, Declaration of Diana J. Nobile ("All 892 plaintiffs have been notified of the terms of the Settlement Agreement, including the total amount of backpay and liquidated damages to be paid, the amount of service awards to be paid, the methodology for assigning points based on the number of workweeks in the recovery period that a Plaintiff was assigned to work in the title of Eligibility Specialist and/or Clerical Associate, and the amount of attorneys' fees and costs to be paid. The Plaintiffs were also notified of the dollar value of a point and the individual amounts they will be receiving under the Settlement Agreement.").